Beverly MASQUAT and Tom Masquat, husband and wife, Appellants,

v.

Philip J. MAGUIRE, M.D., an Individual, and Thomas C. Points, M.D., an Individual, Appellees.

No. 54738.

Supreme Court of Oklahoma.

Nov. 10, 1981.

Michael Gassaway, Oklahoma City, for appellants.

John Wiggins, Robert C. Margo, Oklahoma City, for appellees.

IRWIN, Chief Justice:

Appellants, Beverly Masquat and Tom Masquat, instituted this action for medical malpractice resulting from an alleged unauthorized surgical procedure performed by appellees, Philip J. Maguire, M.D. and Thomas C. Points, M.D.

Mrs. Masquat retained Dr. Maguire for obstetrical care. He advised her that it would be necessary to deliver her child by Caesarean section. During the surgery a tubal ligation was performed by electrocauterization. Mrs. Masquat alleged that she never consented to the ligation. No records of the consent existed as the procedure was done at a Catholic hospital where elective sterilization is prohibited. When the evidence presented showed that Mrs. Masquat had consented to the ligation, she claimed that a battery occurred as her consent was not sufficiently informed. The testimony showed that she was not informed that different methods were availa-

ble to perform the ligation. She claimed this damaged her as she was not allowed to choose the method with the greatest chance of reversal.

Dr. Points assisted Dr. Maguire in the delivery. Whether he knew or should have known that a tubal ligation was performed is in conflict. However, the trial court sustained Dr. Points' demurrer to appellants' evidence.

The cause proceeded against Dr. Maguire and the jury returned a verdict in his favor. Judgment was rendered accordingly and appellants appealed.

■ Appellants first contend the trial court erred in allowing Sister C., a Catholic Nun, to testify to a privileged communication. Sister C. was assistant administrator at the hospital where the surgery was performed. Ms. Masquat, who was employed at the hospital, became concerned about her job after a newspaper article appeared describing the pending litigation against the appellees. Ms. Masquat expressed this to her supervisor who advised her to discuss it with Sister C. The conversation that Sister C. subsequently had with Ms. Masquat is that which appellants contend is privileged under 12 O.S.1978 Supp. § 2505(A) and (B). Section (B) provides:

A person has a privilege to refuse to disclose and to prevent another from disclosing his confidential communication made to a clergyman acting in his professional capacity.

Section 2505(A) provides:

Religious Privilege.—A. As used in this section:

1. A 'clergyman' is a minister, priest, rabbi, accredited christian science practitioner or other similar functionary of a religious organization, or any individual reasonably believed to be a clergyman by the person consulting him; and

2. A communication is 'confidential' if made privately and not intended for further disclosure except to other persons present in furtherance of the purpose of the communication.

The record clearly discloses that Ms. Masquat contacted and consulted with Sister C. in her capacity as a hospital administrator and not in her capacity as a "clergyman". The facts will not justify a finding that the communication was privileged. The trial court did not err in admitting the testimony of Sister C.

■ Appellants' next contention relates to the doctrine of informed consent. The jury was instructed that if the tubal ligation was performed without Ms. Masquat's consent that this constituted a battery for which the doctor would be liable. Appellants contend this instruction was erroneous because it failed to give them the benefit of the informed consent doctrine. Appellants argue that since Dr. Maguire admitted that he did not inform Ms. Masquat of alternative and viable procedures, as well as the percentages or the probability for reinastimosis for the different types of sterilization, there could be no effective consent.

In *Scott v. Bradford,* Okl., 606 P.2d 554 (1979) this court prospectively adopted the doctrine of informed consent in holding:

Prospective from the date of this opinion a physician or surgeon has a duty to disclose to a patient all relevant material information his patient will need to make an informed decision on whether to consent to or reject physician's proposed treatment or surgery. This disclosure shall include alternatives to proposed treatment, and the risks of each course of action including those risks inherent in foregoing all treatment.

In order to support a cause of action based on physician's breach of his duty to inform, a plaintiff must plead and prove he consented to the proposed treatment without being fully informed of attendant risks, that he would not have consented to treatment had he been fully informed, that the unrevealed risk did in fact materialize and that he was injured as a result of subjecting himself to that particular treatment.

*Scott* was adopted after the alleged battery occurred in the case at bar. However, assuming arguendo, that it was a viable

doctrine when the battery occurred, the record will not support an instruction on informed consent. Ms. Masquat consented to the tubal ligation operation. Although various methods were available to do the ligation the difference between them was not so significant as to vitiate consent. The appellants' expert's testimony showed that there was some difference in successful reversals depending on which ligation method was used. The testimony, however, did not demonstrate any causal linkage between some unrevealed risk and the injuries complained of. Therefore, the differences did not go to the nature of the operation and a general consent to the surgery was sufficient.

Appellants were not entitled to an instruction on informed consent and the failure to so instruct was not erroneous.

Appellants' last contention that the trial court erred in sustaining Dr. Points' demurrer to appellants' evidence cannot be sustained in view of this court's affirming the judgment in favor of Dr. Maguire.

Judgment AFFIRMED.

BARNES, V.C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.